USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/5/07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DONNA HYLTON,

                                    Petitioner,                    07 Civ. 3835 (RPP)

            - against -                                     OPINION AND ORDER

ADA PEREZ,

                                    Respondent.
------------------------------------------------------------X

ROBERT P. PATTERSON, JR., U.S.D.J.


        Donna Hylton ("Petitioner") brings this petition for a writ of habeas corpus pursuant to

28 U.S.C. § 2254, challenging her 1985 conviction in New York State Supreme Court, New

York County, of two counts of kidnapping in the first degree under New York Penal Law §

135.25 and one count of murder in the second degree under New York Penal Law § 125.25.

Petitioner argues that her conviction should be vacated because (1) her Sixth Amendment right to

confrontation was violated, (2) she received ineffective assistance of counsel in both the trial and

appellate proceedings, and (3) judicial impropriety and bias deprived her of her constitutional

right to a fair trial. (Attach. to Habeas Corpus Pet., Points 1-3.)

        Respondent moves to dismiss the petition on the grounds that the petition is time barred

pursuant to the provisions of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA").

(Respondent's Mot. to Dismiss.)  For the reasons set forth below, Respondent's motion is

granted, and the petition is dismissed.

## BACKGROUND

### A. Relevant Facts

On April 12, 1985, Petitioner and her six co-defendants were indicted on charges of murder in the second degree and three counts of kidnapping in the first degree. These charges were based on allegations that on March 20, 1985, Petitioner and her co-defendants kidnapped Thomas Vigliarolo, a Long Island businessman, in order to obtain a ransom and that during the kidnapping, Vigliarolo died.

### B. Procedural History

On March 12, 1986, after a jury trial, Petitioner was convicted of second degree murder and two counts of first degree kidnapping. Petitioner was sentenced to concurrent indeterminate prison terms of twenty-five years to life. People v. Hylton, 564 N.Y.S.2d 746 (1st Dep't 1991). (Respondent's Mot. to Dismiss, Ex. A.) On direct appeal, Petitioner challenged her conviction on the grounds that the trial court erred (1) in admitting Petitioner's statements to the police; (2) in failing to grant Petitioner a separate trial; (3) in admitting co-defendants' statements implicating Petitioner in violation of her constitutional right to confrontation; (4) by giving improper instructions to the jury on her defense of duress; and (5) by permitting the prosecution to engage in misconduct. Lastly, Petitioner argued that her sentence was excessive. (Attach. to Pet.)

The Appellate Division, First Department, affirmed the conviction and sentence on January 29, 1991, stating:

> Under the circumstances of this case, joinder was proper. Similarly, considering that Hylton made her own elaborate confession, which was corroborated by ample evidence irrespective of the statements of her co-defendants, we cannot conclude that reversible error occurred with introduction of the statements of those co-defendants. Defendant's challenges to the trial court's instruction on duress are unpreserved as a matter of law; nor do we find reversible error in the prosecutor's

2

comments which referred to defendant's failure to establish this defense. With
respect to other comments by the prosecutor in summation, defendant's
arguments are either unpreserved or unpersuasive. We have examined defendant's
remaining contentions and find them to be meritless.

Hylton, 564 N.Y.S.2d at 746-47 (citations omitted). (Respondent's Mot., Ex. A.) Thereafter,

Petitioner sought leave to appeal to the New York Court of Appeals on the same grounds. (Pet.

at 2). Leave to appeal to the New York Court of Appeals was denied on May 10, 1991. Hylton,

564 N.Y.S.2d 746, lv. denied, 575 N.E.2d 408 (1991). (Respondent's Mot., Ex. B.)

Fifteen years later, in February 2006, Petitioner moved, pursuant to New York Criminal

Procedure Law § 440.10, to vacate her conviction on the grounds that pre-trial statements made

by her co-defendants were admitted in evidence in violation of her constitutional rights under

Crawford v. Washington, 541 U.S. 36 (2004), and that she was denied effective assistance of

both trial and appellate counsel. (Notice of Mot. Attached to Pet.). On May 25, 2006,

Petitioner's § 440.10 motion was denied without a written opinion. On November 2, 2006, the

Appellate Division, First Department, denied Petitioner leave to appeal the denial of her § 440.10

motion. People v. Hylton, 2006 N.Y. App. Div. LEXIS 13191 (1st Dep't Nov. 2, 2006).

(Respondent's Mot., Ex. C.) The instant petition for a writ of habeas corpus pursuant to 28

U.S.C. § 2254 was filed on April 17, 2007.

**DISCUSSION**

**I. Standard of Review**

A petitioner in custody pursuant to a state court judgment is entitled to habeas relief if she

can show that her detention violates the U.S. Constitution or the laws or treaties of the United

States. 28 U.S.C. § 2254(a) (2000). Before bringing his petition to federal court, the petitioner

must have exhausted his state court remedies. Id. § 2254(b)(1)(A). If a petitioner's claims were

3

previously decided on the merits, habeas relief may be granted only if the state court's decision

was "contrary to, or involved an unreasonable application of, clearly established Federal law, as

determined by the Supreme Court of the United States," or was "based on an unreasonable

determination of the facts in light of the evidence presented in the State court proceeding." Id.

§ 2254(d).

## II. Petitioner's Claims for Relief

The Antiterrorism and Effective Death Penalty Act imposes a one-year statute of

limitations for the filing of habeas corpus petitions by state prisoners. 28 U.S.C. § 2244(d)(1).

Section 2244(d) provides:

> **(d)(1)** A 1-year period of limitation shall apply to an application for a writ of
> habeas corpus by a person in custody pursuant to the judgment of a State court.
> The limitation period shall run from the latest of--
>
> > **(A)** the date on which the judgment became final by the conclusion of
> > direct review or the expiration of the time for seeking such review;
> >
> > **(B)** the date on which the impediment to filing an application created by
> > State action in violation of the Constitution or laws of the United States is
> > removed, if the applicant was prevented from filing by such State action;
> >
> > **(C)** the date on which the constitutional right asserted was initially
> > recognized by the Supreme Court, if the right has been newly recognized
> > by the Supreme Court and made retroactively applicable to cases on
> > collateral review; or
> >
> > **(D)** the date on which the factual predicate of the claim or claims
> > presented could have been discovered through the exercise of due
> > diligence.
>
> **(2)** The time during which a properly filed application for State post-conviction or
> other collateral review with respect to the pertinent judgment or claim is pending
> shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The judgment convicting Petitioner of two counts of kidnapping in the first degree and one count of murder in the second degree became final on August 8, 1991, the last day of the ninety-day period within which she could have filed a petition for a writ of certiorari seeking review of the state court proceedings by the Supreme Court. Williams v. Artuz, 237 F.3d 147, 151 (2d Cir. 2001). On April 24, 1996, AEDPA became effective, limiting Petitioner's right to file a habeas corpus petition to within one year of its effective date. See Ross v. Artuz, 150 F.3d 97, 102-03 (2d Cir. 1998). The instant petition was filed on April 17, 2007, approximately sixteen years after the judgment became final and approximately ten years after the effective date of the AEDPA. Thus, her petition is untimely on its face unless she can make a sufficient showing that the limitations period in her case runs from a later date than April 24, 1997. In the addendum to her petition for habeas corpus, Petitioner makes a number of arguments in support of her contention that her application is timely. Each is addressed below.

**1. Section 440.10 motion's effect on the timeliness of the habeas corpus petition**

In the "AEDPA argument" addendum to her habeas corpus petition, Petitioner argues that her § 440.10 motion, filed in 2006, makes the instant petition timely. Although Petitioner fails to reference the particular provision of the AEDPA upon which she bases this argument, it appears that she is referring to Section 2244(d)(2) which provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any part of limitation under this subsection." 28 U.S.C. § 2244(d)(2). This provision allows for the statute of limitations period to be tolled by the pendency of a properly filed post-judgment motion attacking the judgment. See Bethea v. Girdich, 293 F.3d 577, 578 (2d Cir. 2002) ("The limitations period is tolled during the pendency of a properly filed petition for collateral review in state courts.").

5

Once the one-year AEDPA statute of limitations period has run however, the filing of a state court motion is irrelevant to the timeliness of the habeas corpus petition. See Sorce v. Artuz, 73 F. Supp. 2d 292, 297 (E.D.N.Y. 1999); see also Brooks v. Artuz, No. 98 Civ. 4449, 1999 WL 138926, at *3 (S.D.N.Y. Mar. 15, 1999). In this case, Petitioner filed her § 440.10 motion on February 10, 2006, almost nine years after April 24, 1997, the date that her one-year statute of limitations period expired. Because Petitioner did not file her § 440.10 motion until long after the statute of limitations period had expired, her habeas petition is barred for untimeliness. See Sorce, 73 F. Supp. 2d at 298 (dismissing habeas corpus petition as untimely because the § 440.10 motion relied upon for a § 2244(d)(2) exception was filed after the statute of limitations period had already expired).

### 2. Retroactivity of Crawford

Petitioner also argues that her Sixth Amendment rights were violated under the holding of Crawford v. Washington, 546 U.S. 36 (2004), and that the ruling in that case applies retroactively to her own. (Petitioner's Aff. in Opp'n to Respondent's Pre-Answer Mot. to Dismiss ¶¶ 4-6.) Petitioner appears to be relying on 28 U.S.C § 2244(d)(1)(C). As is clear from the text of the provision, Section 2244(d)(1)(C) is applicable only when the purported new rule of constitutional law has been made retroactive to cases on collateral review by the Supreme Court. Earlier this year, the Supreme Court held that the Crawford rule is not to be applied retroactively to cases on collateral review. Whorton v. Bockting, 127 S. Ct. 1173, 1177 (2007). Thus, Petitioner cannot rely on the Crawford ruling and Section 2244(d)(1)(C) to revive her otherwise untimely habeas corpus petition.

### 3. Newly discovered evidence

6

Petitioner argues that her petition should not be barred because in 2004, while her petition seeking executive clemency was pending, she discovered that her attorney had had preliminary plea discussions with the district attorney of which she had no knowledge. (Attach. to Pet., Letter from Richard A. Siracusa to Feliz Rosa, Esq. (Aug. 6, 2004).) Section 2244(d)(1)(D) provides that the limitations period runs from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). More specifically, the limitations period "runs from the date a petitioner is on notice of the facts which would support a claim, not from the date on which the petitioner has in his possession evidence to support his claim." Youngblood v. Greiner, No. 97 Civ. 3289, 1998 WL 720681, at *4 (S.D.N.Y. Oct. 13, 1998). Petitioner argues that her limitations period should run from September 2004 when she learned for the first time that she could have possibly received a plea offer in exchange for her participation in a special lineup. (Petitioner's Aff. in Opp'n to Respondent's Pre-Answer Mot. to Dismiss ¶¶ 12-14.)

Without addressing the merits of this factual predicate, Petitioner's § 2244(d)(1)(D) argument fails as a matter of law. The petition here was not filed until April 20, 2007, more than two and a half years after Petitioner admits knowledge of the plea negotiations. Because Petitioner did not file her petition until after the one-year statute of limitations period had expired, she cannot rely upon § 2244(d)(1)(D) to support her claims.

### 4. Petitioner's request for equitable tolling

In the "AEDPA Argument" addendum to her habeas corpus petition, Petitioner gives a brief history of her experience with the attorney retained to pursue a federal habeas corpus petition on her behalf. Petitioner notes that she hired an attorney to file a habeas petition on her behalf in 1995, but that in February 1997, it became apparent that the attorney was not going to

file. She subsequently filed a grievance against this attorney. Petitioner states that after the "disappointment of losing [her] petition and the very strict restriction placed by AEDPA, [she] was unfairly left with no possible avenue to pursue a habeas Corpus review." (Addendum to Petitioner's Aff. in Opp'n of Respondent's Pre-Answer Mot. to Dismiss.) In her affidavit in opposition to Respondent's motion to dismiss, Petitioner requests equitable tolling of the statute of limitations period based on these circumstances.

The Second Circuit has determined that, under AEDPA, the one-year period is a statute of limitations rather than a jurisdictional bar so that courts may equitably toll the period. Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000). However, equitable tolling is available only in rare and exceptional circumstances. Id. The party seeking equitable tolling is required to establish that (1) she has been pursuing her rights diligently, and (2) that some extraordinary circumstance stood in her way. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Doe v. Menefee, 391 F.3d 147, 159 (2d Cir. 2004); Smith, 208 F.3d at 17.

Petitioner does not meet the requirement for equitable tolling because she has not shown that she pursued her rights diligently. Petitioner claims that she did not realize until February 1997 that the attorney retained to pursue a habeas corpus petition on her behalf had failed to do so. Still, Petitioner has not shown that she took any further action in her case until her § 440.10 motion in 2006 and the instant petition. Petitioner has provided no explanation for this failure to pursue her rights over the nine-year period for which she requests equitable tolling. In Pace, the petitioner failed to pursue his rights for approximately ten years "without valid justification" and was therefore not entitled to equitable tolling. 544 U.S. at 419. Similarly, Petitioner is not entitled to equitable tolling due to her failure to pursue her rights diligently. Additionally,

Petitioner has not shown that any exceptional or extraordinary circumstances prevented her from pursuing her rights diligently.

## CONCLUSION

For the reasons stated above, Petitioner's habeas corpus petition is dismissed as time barred. Because this Court has concluded that the petition is untimely, there is no need to address Petitioner's other claims of judicial impropriety and bias and ineffectiveness of trial and appellate counsel.

IT IS SO ORDERED.

Dated: New York, New York
      November 5, 2007

Robert P. Patterson, Jr.
U.S.D.J.

*Copies of this Opinion and Order Sent to:*

For Petitioner:
Donna Hylton
#86-G-0206
Bedford Hills Correctional Facility
P.O. Box 1000
247 Harris Road
Bedford Hills, NY 10507

For Respondent:
Robert M. Morgenthau
District Attorney
New York County
One Hogan Place
New York, NY 10013
(212) 335-9000
By: Nicole Beder, Assistant District Attorney, of Counsel